Geralyn WARD–DAVIS, Plaintiff—
Appellant,

v.

JC PENNEY LIFE INSURANCE COM-
PANY, a foreign insurer and Stone-
bridge Life Insurance Company, a for-
eign insurer, Defendants—Appellees.

No. 10–35971.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2011.

Filed July 28, 2011.

Robert A. Clough, Thomas Moulton
Geisness, Geisness Law Firm, Seattle,
WA, for Plaintiff–Appellant.

Brian K. Keeley, Janis C. Puracal, Bulli-
vant Houser Bailey, PC, Seattle, WA, for
Defendant–Appellee.

Before: GILMAN,* CLIFTON, and
N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Geralyn Ward–Davis appeals the district
court's grant of summary judgement to
Stonebridge Life Insurance Company.
We affirm.

"An insurance policy provision is ambig-
uous when it is fairly susceptible to two
different interpretations, both of which are
reasonable." *Lynott v. National Union
Fire Ins. Co.*, 123 Wash.2d 678, 871 P.2d
146, 152 (1994). Before the district court,
Plaintiff failed to put forth any reasonable
interpretation of Exclusion 7 other than
the one adopted by the district court.
Plaintiff's assertion that reading Exclu-
sions 7 and 3 together prevents Exclusion
7 from precluding coverage is unavailing
for several reasons. First, Exclusions 7
and 3, as interpreted by the district court,
do not conflict. Exclusion 3 merely disal-

* The Honorable Ronald Lee Gilman, Senior
Circuit Judge for the Sixth Circuit, sitting by
designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

lows coverage when the covered individual is taking drugs, unless they are prescribed by a doctor; it does not guarantee coverage for anyone who suffers an accidental death while taking prescription drugs. Exclusion 7 may therefore still operate in a case where the covered individual is on prescription drugs. Even if they did conflict, exclusions do not need to be harmonized with each other. *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group,* 37 Wash.App. 621, 681 P.2d 875, 880 (Wash.App.1984). Moreover, "[e]xclusion clauses do not grant coverage; rather, they subtract from it." *Id.*

In the absence of any reasonable, alternative interpretation of Exclusion 7 put forth by Plaintiff, the district judge did not err in concluding that Exclusion 7 excluded coverage for Mr. Ward's death. Accordingly, we affirm.

AFFIRMED.